14 A.3d 19

**In re NANCY H.**

No. 1404, Sept. Term, 2009.

Court of Special Appeals of Maryland.

Feb. 25, 2011.

Brian M. Saccenti (Paul B. DeWolfe, Public Defender, on the brief), Baltimore, MD, for appellant.

Mary Ann Ince (Douglas F. Gansler, Atty. Gen., on the brief), Baltimore, MD, for appellee.

Panel: EYLER, DEBORAH S., KEHOE and IRMA S. RAKER (Retired, specially assigned), JJ.

IRMA S. RAKER (Retired, specially assigned), J.

Nancy H. appeals from the judgment of the Circuit Court for Baltimore City, sitting as the Juvenile Court, denying expungement of her criminal record. For the reasons that follow, we shall reverse.

## I.

On December 2, 2003, the State charged appellant, Nancy H., as an adult in the Circuit Court for Baltimore City with

first degree assault, second degree assault, and two weapon offenses as a result of an incident outside a public school where the victim was beaten with a baseball bat and stabbed in the neck. Appellant was sixteen years old at the time she was charged. She filed a motion requesting that the circuit court transfer the case to the juvenile court prior to plea or trial under Maryland Code (2001, 2008 Repl.Vol., 2010 Cum. Supp.) § 4–202 of the Criminal Procedure Article,[1] which permits the circuit court, under certain circumstances, to transfer a case involving a child to the juvenile court before trial or before a plea is entered. The circuit court denied her motion. On June 14, 2004, appellant pled guilty to second degree assault in the circuit court. Prior to sentencing, the circuit court transferred appellant's case to the juvenile court for disposition pursuant to § 4–202.2, which permits the circuit court, under certain circumstances, to transfer a case involving a child to the juvenile court at sentencing to "conduct a disposition under the regular procedures of the juvenile court." § 4–202.2(a), (e).

On January 30, 2009, appellant filed a petition for expungement of her record under § 10–106(c),[2] which provided that a "court may grant a petition for expungement to a person when the person becomes 21 years old, if a charge transferred under § 4–202 of this article resulted in the adjudication of the person as a delinquent child." [3] On August 5, 2009, the court denied this petition, stating that "there appear[ed] not to be

---

1. Unless otherwise noted, all subsequent statutory references herein shall be to the Criminal Procedure Article of the Maryland Code (2001, 2008 Repl.Vol., 2010 Cum.Supp.).

2. In 2009, the General Assembly amended § 10–106 (effective October 1, 2009), but the changes made did not alter the language under consideration in this appeal. Both versions of the statute authorize "expungement of a criminal charge transferred to the juvenile court under § 4–202 of this article."

3. It appears that appellant filed her petition for expungement in juvenile court pursuant to § 10–105(b)(2), which provides that "[i]f a proceeding began in one court and was transferred to another court, the person shall file the petition in the court to which the proceeding was transferred."

good cause therefore," and because a "transfer under Criminal Procedure, Article Section 4–202.2 is not within the purview of Section 10–106." This appeal followed.

II.

At issue in this case is whether a juvenile court has the power to expunge the records in criminal cases transferred to the juvenile court for disposition under § 4–202.2, even though the language of the statute refers only to cases transferred from the circuit court to the juvenile court under § 4–202.

Section 4–202 provides, in pertinent part, as follows:

(b) *When transfer allowed.*—Except as provided in subsection

(c) of this section, a court exercising criminal jurisdiction in a case involving a child may transfer the case to the juvenile court before trial or before a plea is entered under Maryland Rule 4–242 if:

(1) the accused child was at least 14 but not 18 years of age when the alleged crime was committed;

(2) the alleged crime is excluded from the jurisdiction of the juvenile court under § 3–8A–03(d)(1), (4), or (5) of the Courts Article; and

(3) the court determines by a preponderance of the evidence that a transfer of its jurisdiction is in the interest of the child or society.

Section 4–202.2 was enacted by the General Assembly in 2002, following a report to the General Assembly by the Commission on Juvenile Justice Jurisdiction. Section 4–202.2 provides, in pertinent part, as follows:

(a) *In general.*—At sentencing, a court exercising criminal jurisdiction in a case involving a child shall determine whether to transfer jurisdiction to the juvenile court if:

(1) as a result of trial or a plea entered under Maryland Rule 4–242, all charges that excluded jurisdiction from the juvenile court under § 3–8A–03(d)(1) or (4) of the Courts Article do not result in a finding of guilty; and

(2)(i) pretrial transfer was prohibited under § 4–202(c)(3) of this subtitle; or

(ii) the court did not transfer jurisdiction after a hearing under § 4–202(b) of this subtitle.

The Criminal Procedure Article provides for expungement of criminal charges transferred to the juvenile court. At the time of appellant's petition, § 10–106 provided, in pertinent part, as follows:

(b) *When allowed.*—A person may file a petition for expungement of a criminal charge transferred to the juvenile court **under** § 4–202 of this article:

(1) after the date of the decision not to file a delinquency petition; or

(2) after the decision on the delinquency petition of facts-not-sustained.

(c) *Discretionary grants of expungement.*—The court may grant a petition for expungement to a person when the person becomes 21 years old, if a charge **transferred under § 4–202 of this article** resulted in the adjudication of the person as a delinquent child.

(d) *Mandatory grants of expungement.*—A court shall grant a petition for expungement of a criminal charge that was **transferred to the juvenile court under § 4–202 of this article,** if:

(1) the charge that was **transferred under § 4–202 of this article** did not result in the filing of a delinquency petition; or

(2) the decision on the delinquency petition was that there was a finding of facts-not-sustained.

(Emphasis added).

As noted above, § 10–106 was amended in 2009 to make mandatory the expungement of criminal charges transferred to juvenile court, but the problematic "under § 4–202" language remains. The pertinent part of the statute now provides as follows:

(b) *When allowed.*—A person may file, and a court shall grant, a petition for expungement of a criminal charge **transferred to the juvenile court under § 4–202 of this article.**

(Emphasis added).

Statutory provisions for expungement, prior to the 2001 recodification of Article 27 into the new Criminal Procedure Article, were found in Article 27, § 737(b), which was repealed by 2001 Maryland Laws ch. 10 § 2. That section permitted expungement, under certain circumstances, of charges transferred under Article 27, § 594A. Appellant interprets § 594A as permitting the circuit court to transfer a criminal case to the juvenile court for disposition, either before a plea is entered or after a finding of guilt but before disposition. When §§ 594A and 737(b) were recodified in the new Criminal Procedure Article, the recodification was done without any substantive change. *See* Special Revisor's Notes to §§ 4–202 and 10–106.

In 2002, the Legislature added language to § 4–202(b) to specify that the transfers under that section must occur before trial or before a dispositive plea is entered. *See* 2002 Maryland Laws ch. 159, § 1, at 1584–87. The same legislation created § 4–202.2 to address transfers of criminal cases to juvenile court for disposition. *Id.*

### III.

Appellant argues that the legislative history of the statutes at issue suggest that the Legislature intended for § 10–106 to allow expungement when cases are transferred to juvenile court under § 4–202.2. She offers two rationales for this argument. First, she argues that prior to the 2002 creation of § 4–202.2, the law allowed for both pre-trial and at-sentencing transfers to juvenile court under § 4–202, and so the language in § 10–106 referring to transfers under § 4–202 allowed originally for expungement of records in cases that now would

fall under both § 4–202 and § 4–202.2.[4] Appellant suggests that the Legislature, in amending the reverse waiver statute and in implementing the Governor's Commission of Juvenile Justice recommendations to provide for waiver to juvenile court explicitly after trial but before sentencing, simply overlooked the provisions in § 10–106 and forgot to include in those provisions new language referencing § 4–202.2. Appellant's second argument is that the Legislature could not have intended to exclude at-sentencing § 4–202.2 transfers from § 10–106's expungement capacity because an arguably absurd result would be created by keeping a child's juvenile court disposition confidential to protect the child yet leaving that same child's record of charges and guilt in the circuit court available to the public.

The State argues that at the time appellant petitioned for expungement, the law provided that where a criminal matter was transferred to the juvenile court under § 4–202, after the child becomes 21 years of age, the petition "shall" be granted where either a delinquency petition was not filed after transfer or the facts were not sustained upon adjudication after transfer. On the other hand, where a child was adjudicated delinquent after transfer of the criminal charges, whether expungement was to be granted lies within the discretion of the juvenile court. Expungement under these two scenarios are provided expressly in § 10–106. Section 10–106 is silent as to transfers of criminal cases to the juvenile court pursuant to § 4–202.2. The State maintains that the language of § 10–106 is plain, that the authority of the court is limited solely to § 4–202 transfers, and that, therefore, the circuit court did not err in determining that there is no statutory authority for the expungement that appellant sought. The statute did not give authority to the juvenile court to expunge the records of cases transferred under § 4–202.2. The State argues also that, even if appellant's statutory argument were correct, the applicable

---

**4.** The same act that created § 4–202.2 inserted language into § 4–202 that limited § 4–202 transfers to cases "before trial or before a plea is entered."

version of § 10–106 at the time gave the court discretion as to the propriety of expungement and the court found no good cause for doing so.

## IV.

█ In *Smith v. State*, 399 Md. 565, 581, 924 A.2d 1175, 1184 (2007), the Court of Appeals examined the legislative history of the creation of § 4–202.2 in some detail. The court noted as follows:

> "The legislative history of Section 4–202.2 reflects [that] it was enacted ... in order to permit the criminal court to reverse waive jurisdiction of the case to the juvenile court ... when the juvenile is not convicted of the offense which precluded the juvenile court from exercising jurisdiction initially."

*Id.* The report on the bill in the Senate explained as follows:

> "THIS BILL ALLOWS A JUVENILE CHARGED AS AN ADULT, BUT NOT CONVICTED OF THE CHARGE THAT WAS THE BASIS FOR BEING EXCLUDED FROM JUVENILE COURT JURISDICTION, TO BE TRANSFERRED BACK TO JUVENILE COURT FOR PURPOSES OF DISPOSITION."

*Id.* at 582, 924 A.2d at 1184 (quoting Senate Judicial Proceedings Committee, Floor Report for Senate Bill 428 (2002)). A report from the Commission on Juvenile Justice Jurisdiction specifically recommending this change noted as follows:

> "The law should be amended to require youth who are excluded from juvenile court jurisdiction, but not convicted of the offense which was the basis for that exclusion, to be considered for transfer back to juvenile court for disposition."

*Id.* at 583, 924 A.2d at 1185 (quoting Commission on Juvenile Justice Jurisdiction, Final Report to the Governor and General Assembly 53 (Sept. 30, 2001)). The waiver to juvenile court, set out in § 4–202.2 is limited to those cases where, had not the charge existed in the first place, there would not have been jurisdiction in the circuit court and the matter, as a

matter of law, would have proceeded in juvenile court. The statute is remedial, designed to protect the juvenile and to afford the juvenile the rehabilitative services of the juvenile system.

■ The legislative history of § 4–202.2 and the report of the Commission on Juvenile Justice Jurisdiction that prompted the section's creation make it clear that the Legislature intended the law to correct the injustice of children being kept in the adult criminal justice system when they were not convicted of crimes that would exclude them from the Juvenile Justice System. Prior to this law, merely being charged with certain crimes could exclude a child from the benefits of the Juvenile Justice System, and by adopting § 4–202.2, the Legislature intended that the possibility of such benefits should not be denied unless a child is actually convicted of those crimes. Given the rationale and origin of this legislation, it would make little sense to interpret the Legislature's intent as extending to this group of children all the benefits of the Juvenile Justice System available to them, except for the benefit of expungement. The purpose of the legislation is squarely at odds with such an exception, and nothing in the legislative history suggests that the Legislature intended to withhold any particular benefit, such as expungement, from the children aided by § 4–202.2. Thus, the Legislature's failure to amend the expungement language in § 10–106 to include § 4–202.2 when it was created in 2002 can only be understood as an oversight or drafting error.[5] To hold otherwise would attribute to the Legislature an inconsistency of intentions that would border on the absurd.

■ The purpose of the Juvenile Justice System is, in part, to "provide for the care, protection, and wholesome mental and physical development of children coming within the provisions of this subtitle; and to provide for a program of

---

5. The 2009 amendment of § 10–106, although continuing the oversight of § 4–202.2, supports this interpretation of legislative intent, as it seeks to extend and not diminish the availability of expungement to juvenile offenders by making expungement mandatory upon request.

treatment, training and rehabilitation consistent with the child's best interests and the protection of the public interest." Maryland Code (1974, 2006 Repl.Vol., 2010 Cum.Supp.) § 3–8A–02(a)(4) of the Courts and Judicial Proceedings Article. The Legislature has mandated that this subtitle be liberally construed to effectuate its purposes. *Id.* § 3–8A–02(b). Inherent to the Juvenile Justice System is the cloak of confidentiality on all juvenile records. Juvenile dispositions are considered civil in nature, and not criminal convictions. The proceedings are closed generally to the public to protect the identity of the juvenile and to protect the child from publicity and stigmatization that might ensue from public view. Expungement furthers the rehabilitative goals of the Juvenile Justice System by eliminating the collateral consequences of a criminal conviction.

■ Considering the history of the Juvenile Justice System and the waiver statutes, we conclude that the Legislature could not have intended to provide the juvenile with all the benefits accorded juveniles whose cases originated in juvenile court, and yet to subject the juvenile waived under § 4–202.2 to all of the collateral sanctions that accompany a criminal conviction. We hold that the juvenile court has the power to grant expungement of the record when the juvenile is waived to juvenile court under § 4–202.2. In order to effectuate the legislative policy of confidentiality and the juvenile court's purpose of rehabilitation, we conclude that § 10–106 should be interpreted to permit the juvenile who has been waived to juvenile court from circuit court after a plea has been entered but before disposition, to have the benefit of the exercise of the court's discretion as to whether expungement of the proceedings is appropriate.[6]

The trial judge in this case made two findings, the first that he did not have the authority to grant the expungement, and

6. This Court takes no position on whether the lower court, on remand, should apply the current version of § 10–106 or the version of § 10–106 that was in effect when appellant filed her petition for expungement prior to the 2009 amendment.

alternatively, that there was no good cause to grant the expungement. Inasmuch as the court believed it lacked the power under the law to grant the expungement, we shall reverse and remand this matter to the court for consideration under the proper standard.

*JUDGMENT OF THE CIRCUIT COURT FOR BALTI-MORE CITY REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.*